# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD LEVI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 0678 |
| | ) |
| KENNETH BRILEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Ronald A. Levi, an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Big Muddy River Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Defendants Kenneth Briley, Warden of Stateville Correctional Center, and Major Robert Griffin, violated his right to be free from cruel and unusual punishment by subjecting him to below-freezing temperatures and hazardous cell conditions at Stateville. Defendants moved for summary judgment on Levi's claims, arguing that Levi failed to exhaust the administrative remedies required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons set forth below, we deny Defendants' Motion for Summary Judgment.

## BACKGROUND

On January 22, 2004, after arriving at Stateville, corrections officers placed Levi in a cell which lacked heat and light and also contained an inoperable window. Levi expressed his displeasure with the conditions of his cell and three days later, he was moved to a different cell. There was no heat or light in the new cell and there were also

-1-

live wires hanging from the wall. (Compl. at 6.) On February 1, Levi submitted an emergency grievance to Warden Briley complaining about the conditions of his cell.[1] In the grievance, Levi requested a transfer to another cell as well as monetary damages. (*Id.* Ex. A.) On February 6, Levi mailed a copy of the grievance to the Administrative Review Board ("ARB"); he never received a response. Nonetheless, Levi was transferred to a cell with better living conditions on February 23. (Pl. Ans. at 1.) Briley received the grievance on April 7 and on April 9, he determined that the grievance did not constitute an emergency. (*Id.* Ex. A.) Plaintiff was subsequently transferred to Pinckneyville Correctional Center, where he filed this complaint. (Mot. at 2.)

## STANDARD OF REVIEW

Summary judgment is proper only when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). This standard places the initial burden on the moving party to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quotation marks omitted). Once the moving party meets this burden of production, the nonmoving party "may not

---

[1] In the Argument Supporting his Answer, Plaintiff attached a copy of a grievance form dated January 30, 2004, but stamped "received" by the grievance office on April 5, 2004. For purposes of this motion, we credit Levi's sworn declaration that he submitted the grievance on February 1. *See* 28 U.S.C. § 1746 (treating a signed statement made under penalty of perjury as an affidavit).

rest upon the mere allegations or denials of the adverse party's pleading" but rather "must set forth specific facts showing that there is a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e). In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all inferences in that party's favor. *See Anderson*, 477 U.S. at 255.

## ANALYSIS

The PLRA provides: "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25, 122 S. Ct. 983, 988 (2002). To fully exhaust his administrative remedies, a prisoner must take all of the steps required by the prison's grievance system. *Pozo v. McCaughtry,* 286 F.3d 1022, 1023-25 (7th Cir. 2002).

To exhaust the Illinois Department of Corrections administrative remedies, an inmate must first attempt to resolve his grievance informally with his counselor. If the issue remains unresolved, the inmate may submit a written grievance to the Grievance Officer who investigates the complaint and then presents a report to the Chief Administrative Officer ("CAO"). The CAO makes a decision and informs the inmate of the result. 20 Ill. Admin. Code §§ 504.810, 504.830. An inmate may also request that the grievance be handled on an emergency basis by forwarding the grievance directly to the CAO. If the CAO determines that there exists a substantial risk of imminent personal injury or other serious harm, the grievance will be expedited. 20 Ill. Admin. Code § 504.840. If the inmate is not satisfied with the decision, within 30 days he can appeal in

writing to the Director of the Department by submitting both the Grievance Officer's report and the CAO's decision. The ARB handles the grievance and provides the Director with a written report of the board's findings and recommendations. The Director reviews the report and makes a final determination. 20 Ill. Admin. Code § 504.850. *See Terry v. Snyder*, No. 99 C 3672, 1999 WL 982972, at *2 (N.D. Ill. Oct. 21, 1999) (detailing the IDOC grievance procedure); *Ivan v. Russell*, No. 98 C 6396, 2002 WL 664065, at *3 (N.D. Ill. Apr. 22, 2002) (referencing the grievance process established by IDOC).

Defendants do not contest that Levi filed an emergency grievance, although the date of the filing is in dispute. Levi avers that he submitted the grievance on February 1, 2004. Defendants attest that the grievance was received on April 5, 2004. Viewing Levi's evidence as true, he filed an emergency grievance and did not receive a response until more than two months later. In the interim, Levi sought relief through the ARB.[2]

Defendants argue that Levi did not exhaust his administrative remedies because he failed to properly appeal the CAO's decision to the ARB. According to Defendants, Levi could not possibly have followed the established procedure (attached the Grievance Officer's report and the CAO's decision to the appeal) because – by Plaintiff's own admission – after filing the grievance with the CAO, nothing was done.[3] Defendants cite *Pozo*, 286 F.3d at 1022, in support; however, their reliance is misplaced. While an inmate is required to comply with the established procedures of the state with respect to

---

[2] Although Plaintiff undoubtedly could have re-filed the grievance or inquired as to the status, Defendants have not claimed that this was necessary to exhaust the administrative remedies.

[3] In support of their argument, Defendants submitted the affidavit of Terri L. Anderson, ARB Chairperson, to establish the absence of any record of a grievance filed by Levi. (Anderson Aff. ¶ 7.)

the form and timeliness of grievances, *Pozo*, 286 F.3d at 1023-25, the case at bar is distinguishable because the Plaintiff has shown that he made an attempt to avail himself to the grievance process but did not receive a timely response. Because Levi had not received a response to his emergency grievance at the time that he forwarded a copy to the ARB, he was obviously unable to follow the mandated procedures.

Defendants further argue that Levi filed suit without having received a decision from the ARB. Levi mailed the grievance to the ARB on February 6, 2004; at the filing of this suit nearly two years later, he had not received a response. Having never received a response, the Plaintiff should not be faulted for seeking redress through an alternative means.[4]

In light of the evidence presented by Levi, the court finds that a genuine issue of material fact exists as to whether he exhausted his administrative remedies as required by PLRA. Levi submitted an emergency grievance to which he received no response for more than two months, making it impossible for him to file an appeal with the appropriate documentation. When he sought relief through an alternative route, the ARB, he was not answered. Given these circumstances, to penalize an inmate for failure to follow procedure would allow IDOC to abuse the exhaustion requirement by delaying or failing to respond to inmate grievances. Such a result would run counter to the intent of the statute.

---

[4] Additionally, Defendants argue that Plaintiff failed to check the box on his complaint that the grievance procedure is complete. As this formality is not required by the IDOC procedures, it is not relevant to the motion.

## CONCLUSION

For the reasons set forth above, we deny the Defendants' Motion for Summary Judgment. It is so ordered.

*[signature: Marvin E. Aspen]*

MARVIN E. ASPEN
United States District Judge

Dated: July 28, 2006